UNITED STATES BANKRUPTCY COURT FOR THE EASTERN
DISTRICT OF TENNESSEE, NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>**Lester Dan Piercy Jr.**,<br><br>    Debtor, | No. 3:18-bk-32261-SHB<br>Chapter 7<br>(Bauknight) |
| **M. Dustin Long**,<br><br>    Plaintiff,<br><br>vs.<br><br>**Lester Dan Piercy Jr.**,<br><br>    Defendant. | Adv. Proc. No. _____ |

**Complaint Objecting to the Dischargeability of Dustin Long's Judgment Against the Debtor**

### Jurisdiction

1. The Court has subject-matter jurisdiction over this controversy as a core proceeding in accordance with 28 U.S.C. §§ 1334, 157(b)(2)(I), and 157(b)(2)(J), and in accordance with Bankruptcy Code § 523.

2. The Court fixed October 22, 2018, as the last date to file a complaint to object to the discharge of the debtor under Code § 727 and to determine the dischargeability of any particular debt under Code § 523. Therefore, the plaintiff has timely filed this complaint.

1

## Parties

3. The plaintiff, M. Dustin Long, is a resident of Grainger County, Tennessee. He was a partner in a Tennessee general partnership with Lester Dan Piercy Jr., Delores J. Piercy, and Joseph Shane Piercy.

4. The defendant–debtor, Lester Dan Piercy Jr., filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 24, 2018. He is a resident of Claiborne County, Tennessee, and together with his mother and brother—who are also defendant–debtors in separate adversary proceedings—committed the acts complained of below.

## Debtor's Violations

5. The partnership at issue, which consisted of Long and the three Piercys, was in the business of crushing, selling, and hauling rock from a quarry. The parties' partnership agreement stated that each of the four partners would receive 25% of the profits.

6. After sending Long two small checks (which were deficient) for the first two months of business, the Piercys kept all his money for the remainder of the business venture and refused to provide him an accounting of the embezzled funds.

7. The Piercys then padlocked Long off the property and threatened to have him arrested for trespassing if he came back.

8. Long filed suit in the Chancery Court for Grainger County, Tennessee, and asked the court for a money judgment for the diverted funds, for an injunction to stop the Piercys from interfering with his access to partnership property, and (by amendment) for a court-supervised dissolution of the partnership.

9. As a result, the chancery court granted Long a judgment for $151,670.87 against the Piercys, jointly and severally, for diverting funds from him. (See **Exhibit A**.)

10. The Piercys (a mother and her two sons) conspired to take the above actions and did take them in concert with each other to deprive Long of his rightful earnings and his opportunity to participate in the partnership.

11. By padlocking Long off the partnership property and wrongfully taking his share of the profits from the partnership, the Piercys' debt is nondischargeable under Code § 523(a)(4) ("for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny").

Based on the Piercys' wrongful taking of Long's money, Long asks the Court to:

- consolidate the three adversary proceedings for trial;
- declare Long's judgment to be nondischargeable under § 523(a)(4);
- lift the automatic stay so that Long may collect the debt; and
- grant Long any other relief that the Court considers appropriate.

Respectfully submitted,

/s/ *Mark A. Cowan*
Mark A. Cowan, TN Bar No. 14278
Swanson & Cowan, LLP
717 West Main Street, Suite 100
Morristown, TN 37814-4523
mark@swansoncowan.com
(423) 586-9200
Attorney for Dustin Long

## CERTIFICATE OF SERVICE

I certify that on October 22, 2018, a copy of this complaint was served electronically on the parties listed on the Court's electronic filing receipt.

/s/ *Mark A. Cowan*
MARK A. COWAN
Attorney for Dustin Long